**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 21-1399

_____

LORI D. MCLAUGHLIN,

        Plaintiff - Appellant,

    v.

MERRICK B. GARLAND, in his official capacity as United States Attorney General,

        Defendant - Appellee.

------------------------------

ADAM H. FARRA,

        Court-Assigned Amicus Counsel.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:20-cv-00230-CCE-JEP)

_____

Submitted:  September 30, 2022              Decided:  November 30, 2022

_____

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Meredith C. Neely, Adam H. Farra, GILBERT LLP, Washington, D.C., for Court-Assigned Amicus Counsel.  Adair F. Boroughs, United States Attorney, Columbia, South Carolina, Andrew R. de Holl, Assistant United States Attorney, OFFICE OF THE

UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lori McLaughlin appeals the district court's dismissal of her employment discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634.  We affirm.

I.

Prior to her filing this lawsuit, McLaughlin was employed as a criminal investigator in the Greensboro office of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), an agency of the United States Department of Justice ("DOJ").  On August 16, 2017, she filed a lawsuit in the Middle District of North Carolina alleging employment discrimination and retaliation by ATF management officials.  *See McLaughlin v. Sessions*, No. 1:17-cv-759 (M.D.N.C. 2017).[1]  The DOJ determined that, to avoid any appearance of a conflict of interest if its employees were called as witnesses, McLaughlin should not conduct criminal investigations for ATF in North Carolina pending resolution of the lawsuit.  On October 16, 2017, McLaughlin was reassigned to the Crime Gun Intelligence Center ("CGIC"), over her objections.  In March 2018, McLaughlin was temporarily relocated, again over her objections, to the Charlotte ATF office.

---

[1] As noted by the district court, McLaughlin has filed multiple administrative charges and lawsuits against the DOJ alleging sex and race discrimination, as well as an EEO-related whistleblower appeal.  *See, e.g., McLaughlin v. Merit Systems Prot. Bd.,* 853 F.App'x 648 (Fed. Cir. 2021); *McLaughlin v. Barr,* No. 19-cv-318 (M.D.N.C. 2019); *McLaughlin v. Holder,* 1:11-cv-01868 (D.D.C. 2011); *McLaughlin v. Mukasey*, No. 1:08-cv-1256 (D.D.C. 2008).

On June 8, 2018, the district court dismissed McLaughlin's lawsuit. ATF, however, did not reassign McLaughlin to her prior criminal investigator position. Instead, ATF assigned McLaughlin to the National Center for Explosives Training and Research ("NCETR"), with an effective date of July 8, 2018. On June 29, 2018, McLaughlin asked her supervisor, Wayne Dixie, why she was being reassigned to NCETR. Dixie told her that it was "because the USAO would not prosecute [her] criminal investigations." J.A. 88. McLaughlin stated that she "immediately recognized this decision to be 'retaliation.'" *Id.* After McLaughlin objected to her reassignment from CGIC to NCETR, it was rescinded. But McLaughlin was still not reassigned back to her previous criminal investigator position, as she demanded. She remained in her CGIC assignment.

On March 11, 2020, McLaughlin filed the instant lawsuit, alleging that ATF's reassignment of her to CGIC was an adverse employment action based on her race, sex, and age. McLaughlin additionally alleged that the reassignment was in retaliation for her EEO activities in January 2018 (which led up to the filing of this complaint) and for her filing a separate complaint with the Office of Special Counsel in April 2018, which culminated in an Individual Rights Petition with the Merit Systems Protection Board. The district court dismissed the lawsuit because McLaughlin had failed to timely contact an EEO counselor following the challenged personnel decisions, rendering her claims administratively unexhausted. In the alternative, the district court dismissed all the claims as implausible, noting that:

> In [her] complaint, as well as in her previous paper writings, Ms. McLaughlin claims that the ATF and the Department of Justice are full of people at all levels who are and have been for many years corrupt, bigoted, or incompetent, and who have routinely disregarded and continue to disregard the rules. Of course

prosecutors would have doubts about her judgment as an investigator, not to mention the Pandora's box that could result should she testify. She does not allege discriminatory remarks were made to her or in her presence or any other facts that would directly support a discrimination claim, and the record establishes legitimate non-discriminatory reasons for prosecutorial decisions that cannot plausibly be attributed to discriminatory or retaliatory motives.

J.A. 498-99. This appeal followed.

## II.

Federal employees bringing discrimination claims must exhaust their administrative remedies within their federal agency before filing suit in federal court. *See* 29 C.F.R. §§ 1614.105-.110; *Stewart v. Iancu*, 912 F.3d 693, 699 (4th Cir. 2019). Absent grounds for equitable tolling, the regulations require employees to consult an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). "Requiring exhaustion of administrative remedies serves twin objectives: protecting agency authority in the administrative process and promoting efficiency in the resolution of claims." *Stewart*, 912 F.3d at 699 (cleaned up).

McLaughlin first contacted an EEO counselor on January 8, 2019. She filed her formal administrative complaint on March 26, 2019, challenging ATF's decisions to remove her from her criminal investigator's position, relocate her to Charlotte, N.C., and to not reassign her to her prior position after the 2017 lawsuit was concluded. In her administrative complaint, McLaughlin alleged that the most recent discriminatory action took place on July 8, 2018. On October 30, 2019, the EEOC dismissed McLaughlin's administrative complaint as untimely because McLaughlin "failed to initiate timely EEO contact" within 45 days of the effective dates of the personnel actions taken by the ATF, J.A. 40, and "presented no

5

persuasive arguments or evidence warranting an extension of the time limit for initiating EEO Counselor contact with respect to [her] claims," J.A. 41.  McLaughlin knew on October 17, 2017, that the agency had reassigned her from her criminal investigator position; knew on March 15, 2018, that the agency required her to work from Charlotte, North Carolina; and knew by June 29, 2018, that she was being reassigned from the CGIF to the NCETR *because* the USAOs would not prosecute her criminal investigations.  However, McLaughlin did not initiate EEO counselor contact until January 8, 2019, well more than 45 days after the challenged personnel actions.

### III.

We review a district court's grant of a motion to dismiss for failure to state a claim *de novo.  See Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). When considering a Rule 12(b)(6) motion to dismiss, "we must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Id.* We may also "consider documents attached to the complaint or the motion to dismiss so long as they are integral to the complaint and authentic." *Id.* (cleaned up).  "To survive a 12(b)(6) motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (cleaned up).  To be plausible, the complaint must contain sufficient factual allegations to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir 2019) (cleaned up).

We find no error in the district court's opinion. McLaughlin's August 2017 lawsuit was dismissed on June 8, 2018, and she did not appeal. Accepting as true McLaughlin's allegation that she was told that the reassignment would be temporary pending resolution of the lawsuit, McLaughlin found out no later than June 29, 2017, that she would be reassigned to the NCETR as of July 8, 2018, instead of back to her criminal investigator position. She was also told that this reassignment was made *because* the USAOs in North Carolina informed ATF that they would not prosecute her cases. Like the EEOC, the district court found that the 45-day period ran from the date that McLaughlin was informed that the USAOs would no longer prosecute cases that she had investigated. But McLaughlin did not contact the EEO counselor until January 8, 2019.

To get around her untimely consultation, McLaughlin argues that the 45-day period should instead run from December 18, 2018, the date that Wayne Dixie executed a declaration in connection with the Individual Rights Petition that she had filed with the MSPB. In the declaration, Dixie discusses McLaughlin's reassignments. He also explains that the decision was made to reassign McLaughlin to the NCETR because the United States Attorneys were not willing to accept cases investigated by McLaughlin due to the disparaging remarks that McLaughlin had made against officials with the DOJ, ATF, and USAOs, impeaching evidence that they believed would have to be disclosed to defense counsel, *see Giglio v. United States*, 405 U.S. 150 (1972), and would likely harm prosecutions of her investigations.

Dixie's declaration changes nothing. As the district court correctly observed, McLaughlin did not exhaust a separate, timely claim that the declaration somehow created a new *Giglio*-based personnel decision. But even if she had exhausted such a claim, as she

7

argues, Dixie's declaration did not create a new employment action and McLaughlin's argument is inconsistent with her admission that she knew in June 2018 that she was being reassigned from CGIC to NCETR, *because* the U.S. Attorneys would not prosecute her cases. The declaration does not change what McLaughlin was told in June 2018 or, more importantly, the fact that the latest, adverse personnel decision—ATF's decision *not* to reassign her from her position at CGIF back to her criminal investigator position—occurred no later than July 8, 2018.

Accordingly, we affirm the district court's dismissal of McLaughlin's discrimination and retaliation claims as time-barred because she did not exhaust her administrative remedies. We also affirm the district court's dismissal of McLaughlin's claims as implausible, for the reasons stated by the district court. To the extent McLaughlin has raised claims on appeal not included in her complaint in district court, we dismiss them as improperly raised. We have dispensed with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.[2]

*AFFIRMED*

---

[2] McLaughlin proceeded *pro se* in this appeal. In her informal brief, she did not challenge the district court's dismissal of her discrimination claims as implausible and, therefore, abandoned them. *See* 4th Cir. R. 34(b)("The Court will limit its review to the issues raised in the informal brief."). The court subsequently appointed amicus counsel to brief the issues in support of McLaughlin.